Smith, J.
It is claimed by counsel for the plaintiff in error that the court of common pleas erred : first, in refusing to grant the motion filed by the defendant below for a new trial, based on the ground that the verdict was against the weight of the evidence; second, in the charge given to the jury; third, in allowing the petition to be amended after the verdict to conform to the proof as was claimed ; and fourth, that the petition as so amended did not state a cause of action against the defendant, and therefore no judgment could properly be entered on the verdict against it.
As to the first of these points, we are of the opinion that the verdict was not so manifestly against the weight of the evidence as to justify us in reversing the judgment on that ground. It is true that on the question of negligence on the part of the defendant, and perhaps as to negligence on the part of plaintiff, which contributed to the injury, the evidence was in some degree conflicting; but if the testimony given by the plaintiff herself, as to the manner in which the injury was inflicted, is to be believed, it would appear that the conductor was negligent in starting the car before the plaintiff had reasonable time to descend therefrom, having forgotten her direction given to him when she paid her fare, to stop at the point where she attempted to alight, he suppos *212 ing that the car had stopped to take up another passenger, and he being then in such a position, viz., on the ground at the side of the car where he could not well see whether she was descending therefrom, even if he had tried to do so, which does not appear. Her testimony, we think, also shows that she was not negligent in any way which contributed to the injury.
Second, as to the leave given to the plaintiff below, to amend her petition after verdict, and the effect of this upon the petition. In the original petition the negligence alleged was, that although the plaintiff, when she paid her fare, had told the conductor to let her off at Effluent Pipe street, that when she attempted to leave the car at that point, and was in the act of stepping to the ground, the car was suddenly and negligently started by the gripman, who, with the conductor, was alleged to be in charge of and running the train of two cars. After verdict, the plaintiff was permitted to amend her petition by striking out the words “by said gripman,” to which the defendant excepted, The evidence contained in the bill of exceptions conclusively shows that the gripman was not at fault, having started his car under the order of the conductor, and the whole trial having evidently proceeded upon the theory that the negligence was that of the conductor. We think the court under these circumstances, “ in furtherance of justice,” was authorized to allow the amendment to be made.
To this action of the court, the defendant excepted, but no demurrer was interposed, or motion in arrest of judgment filed; but the judgment was entered by the court on the verdict.
It is now urged that the petition, as thus amended, did not state a cause of action, as it then simply averred that “ the car was suddenly and negligently started, without alleging by whom, or that it was done by the company or its agents. Certainly, it would have been better if such allegations had been made, but we think the fair meaning of the petition, *213 taken altogether, is, that it was done by those in charge of the ear ; but if not, we think it was incumbent on the defendant to raise the question by demurrer, or in arrest of judgment, or in some other way call the attention of the court to the question, and if not done, that it was waived and cured by the verdict and judgment.
Third, exception is taken to the charge of the court to the jury in this : The court said : “ Now, if you find from the evidence that in this case the defendant’s conductor stopped the car himself upon a notice communicated to him by this plaintiff, and started the car before she had fully alighted, then your verdict will be for the plaintiff.”
If this charge stood alone, it would be clearly erroneous, as stating the law too strongly against the defendant, and without the limitations that should have been annexed to it, viz., that if he had waited a reasonable time for her to alight from the car, and she failed to do so, so as to induce the reasonable belief on his part that she did not intend to get off, or that, if the injury was brought about by her own negligence, that she was not entitled to recover. But we are of the opinion that what followed in the charge was a limitation on the part of the charge above quoted, and did substantially state the law on the subject, and as a whole was not prejudicial to the defendant.
Exception was also taken to the charge of the court as to the damages which might be recovered. The court, among other things, said : “And under that head, if you find that she was at any expense towards effecting a cure, you will make no allowance for that expense.”
The evidence in the case showed that the physician’s bill for services rendered to plaintiff for treating her for the injury received, was $45. There was nothing to show whether this had been paid, or by whom. It appeared that the husband of the plaintiff had sent for the doctor to treat his wife. Primarily the husband was liable for the amount of the bill, under the law, and it addition, it would seem that he bound *214 himself to pay it by his employment of the doctor. If, therefore, the injury was wrongfully caused by the defendant company, he bad a right to recover the expense so incurred by him from the company, and the wife had no right to recover therefor. She might, under certain circumstances, have bound herself to it, and then have recovered it as part of her damages in this case, but there is nothing to show that she did become liable for it, or pay it, and was therefore not entitled to recover it.
Ramsey, Maxwell & Ramsey, for plaintiff in error.
A. M. Warner, contra.
The language of the court in the charge, that, “if she was at any expense towards effecting a cure,” you will make allowance for that expense, was perhaps in strictness correct ; but we think, as given, the natural and probable effect would be that the jury, under the evidence submitted as to the doctor’s bill, (there having been no evidence as to any other expense in effecting a cure), would feel authorized and bound to allow that sum as a part of the damages. There should, therefore, be a remittitur of that sum, and if this is done, the judgment will be affirmed.